UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Browning-Ferris Industries of Ohio, Inc. ) <br> d/b/a Republic Services of Elyria, ) <br> 40195 Butternut Ridge Rd. ) <br> Elyria, Ohio 44035 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> International Brotherhood of Teamsters, ) <br> Teamsters Local Union No. 20 ) <br> 435 S. Hawley Street ) <br> Toledo, Ohio 43609 ) <br> ) <br> Defendant. | Case No. 3:19-cv-1886 <br><br> **COMPLAINT** |

NOW COMES Plaintiff Browning-Ferris Industries of Ohio, Inc. d/b/a Republic Services of Elyria ("Republic Services of Elyria" or the "Company") by and through its undersigned counsel, and in support of its action against Defendant International Brotherhood of Teamsters, Teamsters Local Union No. 20 ("the Union" or "Defendant") states as follows:

## INTRODUCTION

1. This is an action by Republic Services of Elyria seeking an order to set aside and vacate an arbitration award issued on May 22, 2019, by Arbitrator Robert G. Stein in favor of Defendant. This action is brought for the purpose of determining a question of actual controversy between the Parties, as set forth more fully below.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LRMA"), as amended, 29 U.S.C. § 185; the Declaratory Judgment Act, 28 U.S.C. § 2201; and FED. R. CIV. P. 57.

1

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the cause of action arose in Elyria, Ohio.

4. This Court has jurisdiction over this lawsuit pursuant to § 301(c) of the LMRA and 28 U.S.C. § 1331 because the claim arises under a federal statute.

## THE PARTIES

5. Browning-Ferris Industries of Ohio, Inc. is a Delaware corporation doing business in Ohio. Within Ohio, Browning-Ferris Industries of Ohio, Inc. operates under various registered trade names, including Republic Services of Elyria. Republic Services of Elyria does business and is located in Elyria, Ohio.

6. In conjunction with its business operations performed out of facilities located in Elyria, Ohio, Republic Services of Elyria provides waste collection and recycling services to the City of Lorain, Ohio ("the City" or "Lorain") as well as other municipalities in the area. Accordingly, the Company is in an industry affecting commerce within the meaning of 29 U.S.C. § 185(a).

7. The International Brotherhood of Teamsters, Teamsters Local Union 20 is an unincorporated association and "labor organization" within the meaning of the LMRA, which represents employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5) and 185. The Union is the exclusive representative of certain employees of the Company.

## THE COLLECTIVE BARGAINING AGREEMENT

8. The Company and the Union are parties to a collective bargaining agreement effective March 1, 2017 through February 28, 2021 (the "CBA") covering various employees of the Company. A true and accurate copy of the CBA is attached hereto Exhibit A.

9. The CBA governs the terms and conditions of all drivers represented by the Union and employed by Republic Services of Elyria at its facility located at 40195 Butternut Ridge Road, Elyria, Ohio 44035.

10. Article 9.04 of the CBA, allows the Company to alter the piece rate of its drivers when there is a change in the service requirements for a driver's route. The piece work rate is the amount that the Company pays its drivers per house for collecting waste. Article 9.04 provides that:

> The Company agrees to guarantee piece work rates for the term of this Agreement as long as service requirements remain the same, such requirements including, but not limited to, the location of disposal sites, volumes generated per units and equipment utilized to perform the service. A mere increase in house count shall not establish a change in service requirements, thereby justifying a reduction in the piece work rate. The Union reserves the right to grieve the adjusted rate.

*See* Ex. A, at p. 10. The CBA does not contain any minimum piece work rate or provide any methodology, formula or list of factors that must be considered when creating a piece work rate. Further, there is no requirement that the Company use the same piece work rates in all municipalities.

11. Article 9.04 expressly identifies changes to "equipment utilized to perform the service" and "volumes generated per units" as examples of what constitutes a change in service under the CBA.

12. Moreover, Article 3 of the CBA, reiterates that certain rights belong solely to the Company and provides, in part, that:

> Except as specifically modified by the express terms of this Agreement, all rights of management are retained by the Company, including, but not limited to, the right: to determine the schedules of work and the methods and means of production; to maintain order, discipline and efficiency; to make, alter and enforce rules and regulations, policies and practices to be observed by its employees; to discipline and discharge employees for just cause; to select, hire, direct, control and determine qualifications; to assign, promote, lay off and recall employees; to determine or

3

>introduce new, eliminate or change equipment, machinery, services or processes to make studies of workloads and to institute changes in work loads and job assignments; to plan, direct and control operations; to determine the location and extent of its operations and their commencement, expansion, curtailment or discontinuance in whole or in part, to require overtime of employees and the selection of employees for such overtime; to determine the job content and requirements of any job and the number of employees needed by the Company at any time and how many shall operate or work on any job, operation or unit of equipment[.] The exercise of these rights shall not conflict with the express terms of this Agreement.

*See* Ex. A, at p. 3. Article 3 of the CBA concludes by stating that:

>***The above enumeration of rights is by way of example and is not a limitation on the Company's right to manage the enterprise*** and, except as provided in this Agreement, ***the right to continue or discontinue any past practice or benefit,*** and all other functions, powers and authority not specifically abridged by this Agreement are recognized by the Union as being retained by the Company. The Company's exercise of its management rights is subject to the grievance procedure.

*See* Ex. A, at p. 3 (emphasis added).

## MATERIAL FACTS

13. The Company has contracts to perform waste collection services for several municipalities, including the City of Lorain.

14. During the term of the Company's initial waste collection services contract with the City of Lorain, the Company approached Lorain about a potential extension of its waste collection services contract. During negotiations with Lorain for this contract extension, the City expressed concerns regarding the displeasing way the City looked on trash day as well as the lack of uniformity in how residents set out their trash and recycling.

15. Ultimately, the Company and Lorain agreed to a contract extension, which guaranteed that the Company would continue to provide waste collection services to Lorain through 2021. However, in order to keep and extend its contract with the City, the Company agreed

and became contractually obligated to transition its waste collection services in Lorain from a manual collection to an automated collection.

16. Under its initial contract with Lorain and prior to switching to automated collection, the Company provided solid waste and recycling collection services. During the initial contract, the Company was responsible for collecting unlimited trash and recycling (meaning there were no restrictions on the amount of trash or recycling that could be placed at the curb for collection) from the City's residents. Under the initial contract, the Company did not provide Lorain residents with any type of container to be used in conjunction with its trash and recycling collection services.

17. In order to comply with its contractual obligations to the City of Lorain under the new amended contract, the Company retrofitted its trucks for automated collection and also purchased new automated trucks. Additionally, and through the provision of containers to each resident by the Company, the amount of trash and/or recycling that each resident of Lorain could put out for pick up on a weekly basis was reduced.

18. Beginning in May 2017, in conjunction with the new amended contract with the City and the required transition to automated collection, and consistent with Article 9.04 of the Parties' CBA, the Company changed the piece work rates for the new automated routes in Lorain.

19. Article 9.04 of the CBA permits the Company to change its piece work rates anytime there is a change in service. The transition from manual collection to automated collection as well as the related changes to the equipment used and the volume of trash and/or recycling collected qualify as changes in service requirements allowing Republic Services of Elyria to change the piece work rates applicable to the new automated routes in Lorain. In fact, historically, the Company has adjusted the piece work rates anytime it has transitioned from manual to automated collection in a municipality.

## THE ARBITRATION DECISION

20. In May 2017, several bargaining unit members timely filed a written grievance under the CBA relating to the Company's change of the piece rates paid to employees performing the new automated routes in Lorain.

21. The grievance was processed under Article 7 of the CBA and was ultimately taken to arbitration pursuant to Step 4 of the grievance process. Ultimately, Arbitrator Robert G. Stein (the "Arbitrator") was jointly selected by the Parties to hear and decide the Union's grievance.

22. Article 7.05 of the CBA expressly limits the power of the arbitrator and provides:

> The power and authority of the arbitrator shall be limited to the question presented and the arbitrator shall have no power to add to, substract from or modify any of the terms of this Agreement or any amendment thereof or any agreements made supplemental hereto. The arbitrator shall hear and consider only one grievance unless both parties mutually agree, in writing, otherwise. Each party retains the right to file post-hearing briefs within a time period designed by the arbitrator.

*See* Ex. A, at p. 8.

23. The Arbitrator conducted hearings in North Olmsted, Ohio on October 16 and December 18, 2018 ("Arbitration Hearing"). The Company and the Union both called and examined witnesses and offered documents into the record. The Parties also joined in certain stipulations.

24. At the Arbitration Hearing before Arbitrator Stein, Republic Services of Elyria challenged the grievance on its merits.

25. On May 22, 2019, Arbitrator Stein issued an award sustaining the grievance. A true and accurate copy of the arbitration award is attached hereto as Exhibit B.

26. Arbitrator Stein sustained the Union's grievance and made the following award:

> Based on a thorough review of the facts surrounding this dispute, the evidence submitted, and the arguments presented by the parties, the arbitrator here finds that the Union has successfully met its burden of establishing that the Employer has

acted in violation of the Agreement's terms in determining or establishing a lower incentive or piece work rate than that which was in effect prior to the activation of the new Agreement without establishing that that was a recognized component resulting from the parties' negotiations.

*   *   *

The parties are first directed to meet within at least thirty (30) days from the date of this decision to first correct and pay the driver incentive rate retroactively back to the filing date of the grievance (May 4, 2017) for each affected Lorain bargaining unit member who filed a grievance, earned a lower incentive rate since the grievance filing date of May 4, 2017, and who is still actively employed by the Company.

Secondly on a prospective basis (date to be determined by the Company) the Company shall meet with the Union and shall reengineer the automated waste and recycle incentive rates and route bids, if necessary, for the remainder of the Agreement that makes drivers whole consistent with the requirements of Article 9, Section 9.04, which may include automated driver waste and recyclable incentive rates consistent with other comparable nearby jurisdictions of the Company and the Union or any other approach acceptable to the parties.

*See* Ex. B, at pp. 15-16, 19.

## CAUSE OF ACTION

27. Plaintiff restates and reasserts the allegations contained in Paragraphs 1 through 26 as stated above.

28. In issuing an award that found that the Company violated the CBA by establishing a new piece rate for bargaining unit employees performing automated routes in Lorain, Arbitrator Stein (a) affirmatively disregarded the plain and unambiguous language of the CBA, (b) issued an award that manifestly disregards both the plain and unambiguous language of the CBA and the facts of this case, (c) issued an award that is not supported by any reasonable interpretation of the CBA, (d) exceeded his authority under the CBA; and (e) otherwise failed to carry out his duties to such an extent that the arbitration award must be set aside and vacated, both as to the liability and the remedy, as both a matter of fact and a matter of law. Arbitrator Stein exceeded his authority under the CBA in several ways, including, but to limited to, in the ways specified below.

29. Arbitrator Stein exceeded his authority under the CBA in that contrary to the express limitations placed on that authority (*i.e.*, "the arbitrator shall have no power to add to, subtract from or modify any of the terms of this Agreement or any amendment thereof or any agreements made supplemental hereto," *see* Ex. A, at p. 8), in that his decision effectively adds restrictions on the Company's ability to set incentive rates that are not found anywhere in the CBA. Notably, in his decision, Arbitrator Stein articulates as a basis for his decision, the reasonableness of the Union's assumption that the incentive rate for other bargaining unit members performing automated trash collection in other municipalities would be applicable to Lorain employees. *See* Ex. B, at p. 17-18.

30. There is, however, no such limitation in the CBA, but rather, Article 9, Section 9.04 of the CBA provides, in pertinent part, that: "The Company agrees to guarantee piece work rates for the term of this Agreement as long as service requirements remain the same, such requirements, including, but not limited to, the location of disposal sites, volumes generated per units and equipment utilized to perform the service." *See* Ex. A, at p. 10.

31. The CBA does not contain any minimum piece work rate or provide any methodology, formula or list of factors that must be considered when creating a piece work rate. Further, there is no requirement that the Company use the same piece work rates in other municipalities.

32. By imposing a restriction on the Company's ability to change the piece rates and limiting the Company to the piece rates used in other municipalities, Arbitrator Stein, in excess of his authority under the CBA, added language to and/or modified the express terms of the CBA.

33. Additionally, through his award, Arbitrator Stein failed to exercise his duties under the CBA. Notably, rather than interpreting the terms of contract, Arbitrator Stein exceeded his

8

authority under the CBA and effectively ordered the Parties to resolve the dispute and engage in negotiations pertaining to the piece rates moving forward.  *See* Ex. B, at p. 19.

WHEREFORE, Plaintiff, Browning-Ferris Industries of Ohio, Inc. d/b/a Republic Services of Elyria, seeks judgment in its favor and prays for the following relief:

(a) setting aside and vacating the arbitration award issued by Arbitrator Robert G. Stein on May 22, 2019;

(b) issuing a decision denying Defendant Union's grievance against the Company; and

(c) awarding any other and further relief this Court deems proper and/or to which Plaintiff may be entitled.

Respectfully submitted,

 /s/ *Richard A. Millisor*
Richard A. Millisor (0062883)
FISHER & PHILLIPS, LLP
200 Public Square
Suite 4000
Cleveland, Ohio 44114
(440) 838-8800 – phone
(440) 838-8805 – fax
rmillisor@fisherphillips.com

*Counsel for Plaintiff Browning-Ferris Industries of Ohio, Inc. d/b/a Republic Services of Elyria*